```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
PEDRO JAVIER RIVERA

                    Petitioner,                    06-cv-5140 (SJF)

        -against-                                  **OPINION & ORDER**

UNITED STATES OF AMERICA

                    Respondent.
------------------------------------------------------X
```

FEUERSTEIN, J:

I.   Introduction

*Pro se* petitioner Pedro Javier Rivera ("Petitioner") seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2255. For the reasons set forth below, Petitioner's application is denied at this time.

II.  Petitioner's Pleadings

A *pro se* plaintiff's submissions are held "to less stringent standards than formal pleadings drafted by lawyers . . . ." Hughes v. Rowe, 449 U.S. 5, 9 (1980) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)). To this end, a court must "read the pleadings of a *pro se* plaintiff liberally and interpret them 'to raise the strongest arguments that they suggest.'" McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir. 1999) (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994)). Nonetheless, a *pro se* plaintiff is not exempt from compliance with relevant rules of procedural and substantive law. Faretta v. California, 422 U.S. 806, 834 n. 36 (1975).

III. *In Forma Pauperis*

Pursuant to the Administrative Order 2001-06 of Chief Judge Edward R. Korman dated April 23, 2001, the Clerk of the Court is directed to treat a *pro se* petition for habeas corpus as if it included an application to proceed *in forma pauperis* that was granted.

IV. Analysis

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), signed into law on April 24, 1996, provides in pertinent part:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of --
>
> > (1) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (2) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
> >
> > (3) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (4) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255 ¶ 6.[1] AEDPA's one (1) year period of limitations applies to Petitioner's request.

---

[1] This Court is authorized to raise a *sua sponte* challenge to the timeliness of a petition under the AEDPA. Acosta v. Artuz, 221 F.3d 117, 121 (2d Cir. 2000); see also 28 U.S.C. §1915(e)(2)(B)(ii) ("[T]he court shall dismiss the case at any time if the court determines that . . . [the action] fails to state a claim on which relief may be granted . . . .").

Petitioner pled guilty to a one (1) count indictment on April 2, 2004. This Court accepted Petitioner's guilty plea on the same day and sentenced him on July 8, 2004. Petitioner's conviction became final ten business days later, on July 22, 2004, because he failed to appeal the judgment. See Moisher v. U.S., 402 F.3d 116, 118 (2d Cir. 2005) (conviction becomes final on the day the time to appeal expires).

Petitioner does not assert that he was prevented from filing his petition by governmental action, that he relies upon a new right made retroactively applicable to cases on collateral review, or that the factual predicates of his claims are newly discovered and could not have been earlier discovered through the exercise of due diligence. Therefore, Petitioner was required to file a habeas petition by July 22, 2005, one (1) year from the date that his conviction became final. The instant petition was not filed until September 21, 2006, well past the one (1) year statute of limitations in 28 U.S.C. § 2255. Thus, absent equitable tolling, discussed below, the petition is time-barred. See Green v. U.S., 260 F.3d 78, 82-83 (2d Cir. 2001) (equitable tolling available for petitions filed pursuant to 28 U.S.C. § 2255).

A. Equitable Tolling

The period of limitations may be tolled for equitable reasons if Petitioner can demonstrate that (i) "extraordinary circumstances prevented him from filing his petition on time," Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000), and (ii) he "acted with reasonable diligence throughout the period he seeks to toll." Id.; see also Valverde v. Stinson, 224 F.3d 129, 133 (2d Cir. 2000). Further, Petitioner must "demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have

3

filed on time notwithstanding the extraordinary circumstances." Valverde, 224 F.3d at 134.

Petitioner has failed to offer an explanation for his failure to timely file the petition pursuant to 28 U.S.C. § 2255. Therefore, Petitioner shall provide an explanation for his failure to timely file the petition within thirty (30) days of the date of this Order. Acosta v. Artuz, 221 F.3d 117, 125 (2d Cir. 2000). Failure to do so will result in summary dismissal. The Clerk of the Court is directed to serve a copy of this Order on Petitioner, and is further directed to serve a copy of the complaint and this Order upon the Respondent by certified mail.

IT IS SO ORDERED.

_____
SANDRA J. FEUERSTEIN
United States District Judge

Dated: Central Islip, New York
    October 7, 2006

Copy to:

Pedro Javier Rivera, *Pro Se*
68863-053
Federal Correctional Institution - Elkton
PO Box 10
Lisbon, OH 44433